United States District Court
Southern District of Texas
**ENTERED**
March 23, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS RAMON RAMIREZ-ACENSO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00571 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

At the time the petitioner, Jesus Ramon Ramirez-Acenso, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his continued detention, he was confined at the Montgomery Processing Center in Conroe, Texas, as a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Doc. No. 1. Respondents have filed a response and motion for summary judgment. Doc. No. 6.

The undisputed facts in the record show that Petitioner is a noncitizen who entered the United States without inspection and without having been admitted or paroled. Doc. No. 1 at 15. Petitioner contends that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), the statute permitting discretionary bond, and that he has been erroneously categorized as a detainee subject to 8 U.S.C. § 1225(b)(2), the mandatory detention statute.

Petitioner's arguments regarding sections 1225 and 1226 and their implementing regulations are foreclosed by the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi,*

1 / 2

166 F.4th 494 (5th Cir. Feb. 6, 2026). Likewise, his Fifth Amendment Due Process Clause claims are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Accordingly, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DENIED**.

2. Respondents' motion for summary judgment (Doc. No. 6) is **GRANTED**.

3. This case is **DISMISSED without prejudice**.

4. All other pending motions, if any, are **DENIED as MOOT**.

**SO ORDERED**.

SIGNED on this ___23rd___ day of March 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

2 / 2